J-S19022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LORENZO COMPTON | |
| Appellant | No. 1444 EDA 2015 |

Appeal from the Judgment of Sentence Entered January 6, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004886-2009

BEFORE:  BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 07, 2016**

Appellant, Lorenzo Compton, appeals from the judgment of sentence entered January 6, 2011 in the Court of Common Pleas of Philadelphia County following his convictions of aggravated assault, robbery, conspiracy, burglary, and possession of an instrument of crime.[1]   Upon review, we affirm.

The trial court summarized the background information as follows.

> This is a direct *nunc pro tunc* appeal by [Appellant], Lorenzo Compton, from a judgment of sentence entered against him on January 6, 2011. . . .  At a consolidated nonjury trial conducted on May 13, 2010, he and a codefendant, John Booker, were convicted of Aggravated Assault, Robbery, Conspiracy, Burglary, and Possession of an Instrument of Crime.   The

---

[1]  Respectively, 18 Pa.C.S.A. §§ 2702(a), 3701(a)(1)(ii), 903(1)(1), 3502(a)(1), 907(a).

charges arose from their participation in an armed home invasion robbery. . . .

   . . . All of the evidence about what occurred at the home came from the testimony of [Jessica Rivera], the lessee of the premises, and her testimony about what occurred afterwards was fully corroborated and supplemented by that of some of the responding and arresting police officers.

   It proved that on January 5, 2009, at approximately 12:30 a.m., as Rivera was exiting her parked Lexus across the street from her house, she was ambushed by Booker and [Appellant], both armed, the latter of whom held his gun to the back of her head and told her to open the trunk of her car. They then forced her to take them into her house where her boyfriend, [Darell] Griffin, and her cousin, [Fransisco] Arana, were staying and were present at the time. They first demanded "the gun", money and drugs, and then "rushed" the victims up the stairs, forced them into a bedroom and made them lie on the floor. While that was occurring, five more men entered the home. While going up the stairs, [Appellant] pointed his gun at the back of Griffin's head and pulled the trigger but no shot was fired. The victims were held in the bedroom at gunpoint by Booker while [Appellant] and the others went through the house picking up things and putting them in trash bags, and while Booker was wearing a mask, [Appellant] was not. After they took the victims back downstairs, [Appellant] took Rivera down to the basement, searched around, verbally threatened her and then told her to stay there and went back upstairs. The other two victims were then pushed down into the basement and the intruders apparently locked the basement door and left. Rivera and Griffin looked out a window and saw the perpetrators drive away, Booker getting into an Impala which pulled away first, followed by a white Honda or Acura and then Rivera's Lexus. Other than Booker, she could not tell which individuals got into which cars or were driving. They went back upstairs and, while Griffin or Arana called 911, Rivera flagged down a passing police car. While she was telling the policemen what happened, she noticed her car being driven nearby. The officers and the victims got in the police car and gave chase during which she described the defendants, one of the officers called in a report, radio calls were sent out and other police officers began responding. After a while some of the responding officers caught [Appellant] and Booker and had the victims identify them. They also found the

Impala and the Lexus and some of Rivera's property, but no weapons were found. The defendants did not submit any evidence.

Trial Court Opinion (T.C.O.), 7/7/15, at 1-3 (citation to record omitted).

Upon convictions of the aforesaid crimes, the trial court imposed concurrent sentences of incarceration of a minimum of ten to a maximum of twenty years each on the assault, robbery, conspiracy, and burglary convictions, and a minimum of two and one-half to a maximum of five years of incarceration on the possession conviction. No post-trial motions were filed. Appellant was granted leave to file a late appeal on April 28, 2015, pursuant to his unopposed petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*, in which he claimed ineffective assistance of trial counsel in failing to file a timely appeal in spite of having been requested to do so.

On appeal, Appellant raises one issue for our review.

1. Whether the evidence was insufficient to convict [A]ppellant of Aggravated Assault, Robbery, Criminal Conspiracy and Possession of an Instrument of Crime as because the [A]ppellant did not fit the description of the assailant that complainant, Jessica Rivera, gave to the police and no gun was identified or recovered.

Appellant's Brief at 2. While Appellant alleges that he is challenging only the sufficiency of the evidence, Appellant makes both sufficiency and weight of the evidence claims.

In reviewing a sufficiency of the evidence claim, we determine "whether the evidence at trial, and all reasonable inferences derived

therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. Stevenson*, 894 A.2d 759, 773 (Pa. Super. 2006). Additionally, we do not reweigh evidence, substituting our judgement for that of the fact-finder. *Id.* "The fact-finder, when evaluating the credibility and weight of the evidence, is free to believe all, part, or none of the evidence." *Id.* "The evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no facts supporting a finding of guilt may be drawn." *Id.*

Appellant challenges sufficiency based upon his assertion he did not fit the description of the assailant and that no gun was identified or recovered. Appellant's sufficiency claim is troubling because Appellant fails to indicate which elements of which crimes the evidence was insufficient to prove. Appellant's failure to specify adequately the elements of each crime that this purported lack of evidence does not support and without citation to any authority may constitute sufficient grounds to find waiver on these issues. *See* Pa.R.A.P. 2119. Nonetheless, to the extent Appellant's identification and possession of a gun are necessary elements of the various crimes of which he was convicted, we will decline to find waiver and address the claims, as both facts challenged are readily discernable from the record.

With respect to Appellant's identification, the evidence was more than sufficient to support a finding that Appellant committed the crimes charged. As the trial court noted,

> [a]ll of the victim's direct testimony made absolutely clear that she had more than sufficient opportunity to see [Appellant]'s face and be able to accurately recognize him, and the court does not see, anything in the record whatsoever to suggest that her identification of him at the time of the arrest was in any way questionable or based upon an insufficient foundation.

T.C.O., 7/7/15, at 6.

To the extent that possession of a firearm was an element being challenged, the fact that a firearm was not recovered does not preclude a conviction. *See, e.g., Commonwealth v. Nickol,* 381 A.2d 873, 876-77 (Pa. 1977) (testimony that the appellant was in possession of a firearm was sufficient to prove he possessed and concealed that firearm). The record indicates that Appellant held a firearm to Ms. Rivera's head, that while going up the stairs he pointed his gun at Griffin's head and pulled the trigger, and also that he led Ms. Rivera down to her basement at gunpoint. N.T. Waiver Trial, 5/13/10, at 39, 62-63. Further, Ms. Rivera saw Appellant in possession of a firearm in a clearly lit room. *Id.* at 60-63. In other words, the record contains ample evidence from which the fact-finder could infer that Appellant possessed a firearm during the commission of the crimes, even though a firearm was not recovered.

To the extent Appellant's issues raised could be considered a challenge to the weight of the evidence, we discern Appellant's argument to be that

the verdicts were against the weight of the evidence because his convictions were based solely on the testimony of the victim, Ms. Rivera. To support this assertion, Appellant argues that Ms. Rivera's testimony, that the man who pressed the gun to her head was wearing a tan Sean John baseball jacket, conflicts with Officer Andre Hudgens's testimony, that Appellant was wearing a green jacket with a black hoodie underneath. *Id.* at 12-13.

Initially, we note that to the extent a weight claim is being asserted, it is waived because Appellant failed to properly preserve this issue for our review. A challenge to the weight of the evidence must be raised prior to appeal in accordance with Pennsylvania Rule of Criminal Procedure 607(a) or it will be waived, regardless of whether the appellant raises the issue on appeal or the trial court addresses the issue in its Rule 1925(a) opinion. ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).[2] Instantly, Appellant failed to raise a weight of the evidence claim prior to or after sentencing. In fact, to the extent a weight claim was raised, Appellant raised it for the first time in his Rule 1925(b) statement. Even if preserved, Appellant still would not be entitled to relief for the following reasons.

---

[2] Rule 607 requires that a "claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607.

We review a challenge to the weight of the evidence according to the following standard.

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.
>
> Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

**Commonwealth v. Street**, 69 A.3d 628, 633 (Pa. Super. 2013) (citation omitted).

The trial court found Ms. Rivera's testimony credible. In its Rule 1925(a) opinion, the trial court noted that Appellant would have had plenty of time to put on a different jacket between the time Ms. Rivera saw Appellant and when the police apprehended him. T.C.O., 7/7/15, at 7-8. Moreover, as already stated, the trial court found that the victim's direct

testimony made it abundantly clear she had more than sufficient opportunity to see Appellant's face and to accurately recognize him. Our review of the record confirms the trial court did not abuse its discretion in determining the verdicts were not against the weight of the evidence based upon Appellant's challenge to his identification.

As Appellant is not entitled to relief on his sufficiency claim or a weight claim, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016